In the Matter of the Application of FRAX REALTY CO., INC., Petitioner, for a Peremptory Mandamus Order against ALBERT E. KLEINERT, as Superintendent of Buildings of the Borough of Brooklyn, City of New York, Defendant.

Supreme Court, Kings Special Term, July 9, 1924.

**Municipal corporations — city of New York — mandamus to compel issuance of permit for erection of garage — meaning of words " hospital " and " home for the aged " — institution known as " Swedish Augustana Home for the Aged " not hospital within meaning of provision of building zone resolution, § 20, prohibiting erection of garage within 200 feet of any hospital maintained as charitable institution — motion for peremptory mandamus order granted.**

In common usage a " hospital " is an institution maintained for the purpose of providing a place to which persons may resort for medical or surgical treatment. A " home for the aged " is the usual resort of aged persons who for one reason or another have no homes of their own or have no one able or willing to provide them with homes.

Accordingly, relator's motion for a peremptory mandamus order will be granted to compel the issuance of a permit for the erection of a garage, heretofore revoked under the provision of section 20 of the building zone resolution that " no garage for more than five cars may be erected * * * within 200 feet of any hospital maintained as a charitable institution " where there is nothing to indi-

cate that an institution, known as " Swedish Augustana Home for the Aged," differs in its purposes or methods from any other home for the aged or is a hospital within the meaning of the aforesaid building ordinance.

MOTION for peremptory mandamus order.

*Holmes & Bernstein,* for the petitioner.

*George P. Nicholson,* corporation counsel (*Charles J. Druham* and *Joseph P. Reilly,* of counsel), for the defendant.

BENEDICT, J. The only question involved in this case is whether the institution known as " Swedish Augustana Home for the Aged " is a hospital within the meaning of the provision of section 20 of the building zone resolution that: " No garage for more than five cars may be erected  * * * within 200 feet of any hospital maintained as a charitable institution."

No doubt dictionary definitions of the word " hospital " can be produced broad enough to include a home for the aged; but the ordinary meaning of the word as in common usage does not include such an institution. In common usage a hospital is an institution which is maintained for the purpose of providing a place to which persons may resort for medical or surgical treatment. The inmates may be treated by physicians or surgeons employed by the hospital, or by those of their own selection, while the incidental nursing is usually provided by the hospital; but in any case the fundamental idea underlying the common conception of a hospital is that of a place for medical or surgical treatment.

On the other hand a home for the aged is a place where persons of advanced years go to live. Such places are the usual resort of aged persons who for one reason or another have no homes of their own, or who have no relatives or friends able or willing to provide them with homes. The conditions of admission are usually the attainment of a certain age, and the payment of a certain fee, in consideration of which the institution undertakes to provide board, lodging, attendance, clothing, and, of course, medical attendance when needed, and all the other material incidents of a home. Persons do not resort to such institutions for medical or surgical treatment, but to be provided with the necessities and a part or all of the comforts of home. The inmates may or may not be in need of medical or surgical treatment. Need of such treatment is in no sense a condition of admission, nor is it the main purpose of such an institution to provide such treatment. That is merely an incident of providing a home.

No copy of the certificate of incorporation of the institution in question has been produced, and there is nothing in the papers to indicate that it differs in its purposes or methods from

any other home for the aged. I assume that it is a charitable institution.

This conclusion which I have reached is supported by most of the authorities which I have been able to find. It is true that some of the cases contain *obiter* remarks indicating that a home for aged might be regarded as a hospital (*French* v. *Association for Works of Mercy*, 39 App. D. C. 406; *Colchester* v. *Kewney*, L. R. 1 Exch. 368, 377); but in other cases the word "hospital" is limited to an institution for the treatment of the sick and infirm. Thus in *Moses* v. *Marsland*, L. R. (1901) 1 K. B. 668, a case involving the character of a school for defective children at which they lived as well as received instructions, Bruce, J., defined a hospital as "a place for the treatment of the sick and infirm." And Phillimore, J., said: "Some of the children in the home may not be infirm, others may be; but they are not in the home for treatment; they are there for the purposes of maintenance during the period of their education. No doubt their bodily ailments must, as in the case of ordinary children, be attended to when necessary, but that is not the purpose for which they are there; the building is therefore, in my opinion, clearly not a hospital, but a home." See, also, *Needham* v. *Bowers*, L. R. (1888) 21 Q. B. Div. 436, 441, and *Dilworth* v. *Stamp Commr.*, L. R. (1899) App. Cas. 99, 107, and *Matter of Curtiss*, 1 Con. Surr. 471, 475, 476.

The word "hospital" as used in the ordinance must be taken in its common acceptation. The error of giving a forced or strained construction to common words, when used in statutes, is forcibly illustrated by the instant case. Had the petitioner supposed that by any philological process a home for the aged could be regarded as a hospital, he would not, of course, have attempted to erect a garage in such close proximity to such a home, would not have stated in his application that there was no hospital within 200 feet, and would not have expended some $8,000 in carrying on the work. To prevent him from completing the building without reimbursement by giving the word "hospital" a construction which perhaps it can be made to bear, but which is not the sense in which it is generally understood, would be a grave injustice.

I am, therefore, constrained to hold that the institution here in question is not a hospital within the meaning of the ordinance, and, therefore, that the plaintiff's permit for the erection of a garage was wrongfully revoked. This conclusion is based on the facts disclosed by the opposing affidavits.

It may be unfortunate, however, to have a garage erected so near an institution of this nature, and if, as is stated, the residents of the locality are ready to reimburse the petitioner for its loss, it

would be far better, financially and otherwise, for those interested in the enterprise to accept such reimbursement and go elsewhere, than to insist on forcing their business upon an unwilling neighborhood.

Motion for peremptory mandamus order granted, but without costs.

Ordered accordingly.