Dear Secretary/Treasurer, Locke
¶ 0 The Attorney General has received your letter requesting an official opinion addressing, in effect, the following question:
Pursuant to 59 O.S. 46.3 (1991), may a person other than alicensed architect engage in the planning, designing, andpreparation of drawings and specifications for the alteration orconstruction of a nursing home if the reasonably estimated totalcost for the construction, remodeling, or repair of the nursinghome exceeds $40,000?
¶ 1 Consideration of your question requires an analysis of the Oklahoma Architectural Act, 59 O.S. 46.1 et seq, as well as application of general principles of statutory construction. In addition, as you are aware, your question has been previously addressed by Attorney General Opinion 64-108. Consideration of the reasoning of that opinion is also necessary to resolve your question.
¶ 2 In formulating your question, we note that you have not defined the term "nursing home". Our understanding of that term is that it can refer to a variety of facilities for the care of disabled or elderly citizens. However, in undertaking this analysis, we have considered the term "nursing home" to be synonymous with the term "nursing facility," as defined by 63O.S. 1-1902(10) (1991), a part of the Nursing Home Care Act. Under that statute, a nursing facility is a home, establishment, or institution, a distinct part of which is primarily engaged in providing one of the following: (1) "skilled nursing care and related services for residents who require medical or nursing care;" (2) "rehabilitation services for the rehabilitation of injured, disabled, or sick persons;" or (3) "health-related care and services to individuals who because of their mental or physical condition require care and services beyond the level of care provided by a residential care home which can be made available to them only through a nursing facility."[1]
¶ 3 In Oklahoma, the practice of architecture is regulated by the Architectural Act. In general terms, the Act defines the practice of architecture and provides that certain types of buildings may be lawfully designed only by licensed architects. It establishes the Board of Governors of the Licensed Architects and Landscape Architects and grants it certain powers and duties, including the power to examine candidates for licensure, to investigate and prosecute alleged violations of the Architectural Act and the Board's rules, and to levy civil penalties. See 59O.S. 46.7 (1991). The Act specifically authorizes the Board to "promulgate rules of conduct governing the practice of licensed architects and landscape architects. "59 O.S. 46.7(14) (1991). The purpose of the Act is to "safeguard life, health and property." 59 O.S. 46.2 (1991).
¶ 4 Section 59 O.S. 46.3(C) of the Act addresses the particular types of buildings that must be designed by a licensed architect. It provides, in part:
 [I]t shall be unlawful for any person other than an architect duly licensed as provided in The State Architectural Act to engage in the planning, designing and preparation of drawings and specifications for the alteration or construction of any building to be used as an armory, auditorium, assembly hall, convention hall, church, educational building, convent, dormitory, gymnasium, hospital, library, bonded warehouse, passenger station, power house, municipal building, county building, state building, federal building, radio or television station, stadium or theater where the reasonably estimated total cost for construction, remodeling or repairing of such building exceeds the sum of Forty Thousand Dollars ($40,000.00).
¶ 5 Because neither 59 O.S. 46.3(C) nor any other section of the Architectural Act refers specifically to nursing homes, it is necessary, in order to answer your question, to determine whether nursing homes fall within any of the kinds of buildings that are specifically listed there.
¶ 6 Unfortunately, 59 O.S. 46.3(C) does not set forth any definitions of the different types of buildings that require licensed architects for their design, remodeling, and repair. However, several of these building types are defined in other statutes. See, e.g., 65 O.S. 1-104 (defining "library"). Unless a contrary intention plainly appears, the definition of a word or phrase that is set forth in one statute applies to the same word or phrase that is used in another statute. 25 O.S. 2
(1991); Oliver v. City of Tulsa, 654 P.2d 607 (Okla. 1982).
¶ 7 The word "hospital" (one of the categories of building set forth in 59 O.S. 46.3(C)) is defined in 63 O.S. 1-701
(1991) as:
 [A]ny institution, place, building or agency, public or private, whether organized for profit or not, devoted primarily to the maintenance and operation of facilities for the diagnosis, treatment or care of patients admitted for overnight stay or longer in order to obtain medical care, surgical care, obstetrical care, or nursing care for illness, disease, injury, infirmity, or deformity.
¶ 8 Section 1-701 is part of the legislation that governs the licensing and regulation of hospitals by the Oklahoma Commissioner of Health and the Oklahoma Board of Health.
¶ 9 Both the Architectural Act and the statutes governing the licensing and regulation of hospitals were enacted to protect public health and welfare. See Warner v. Kiowa County HospitalAuthority, 551 P.2d 1179 (Okla.App. 1976); 59 O.S. 46.2. We therefore can discern no reason why the definition of "hospital" set forth in 63 O.S. 1-701 should not be applied to the use of the same word in 59 O.S. 46.3. Accordingly, we conclude that nursing homes that satisfy the definition of the term "hospital" set forth in 63 O.S. 1-701 require a licensed architect to engage in the planning, designing and preparation of drawings and specifications for their construction, remodeling, and repair if the total cost of the construction, remodeling or repair exceeds $40,000.[2]
¶ 10 As you are aware, Attorney General Opinion 64-108 found that, under the Architectural Act in effect in 1964, a nursing home was not a hospital and, as a result, nursing homes did not require an architect for their design, alteration, or repair. Opinion No. 64-108 relied primarily on a New York decision, FraxRealty v. Kleinert, 205 N.Y.S. 728 (N.Y.Sup.Ct. 1924), which actually dealt with a home for the aged and concluded that, under New York law, such a home was not a hospital. The home for the aged, as described in the Frax case, differs significantly from a nursing facility as defined in Oklahoma law cited above, and is in fact more like the statutory definition of residential care home.
¶ 11 Opinion No. 64-108 did not discuss the definition of the term "hospital" set forth in the Oklahoma Statutes outside the Architectural Act. Nor did it have available the Nursing Home Care Act, 63 O.S. 1-1901, et seq., enacted in 1980, which defines "nursing facility". As a result, the opinion is correct in stating that a nursing home is not per se a hospital. However, taking into account the definition of hospital found in 1-701 above, it is possible to have a facility which is called a nursing home, yet which functions in such a way as to meet the definition of hospital. The same public policy reasons for requiring a licensed architect for alteration or construction of hospitals are present in many nursing homes. Whether a particular nursing home comes under the requirements of 59 O.S. 46.3,
requires a factual determination.
¶ 12 It is therefore the official opinion of the AttorneyGeneral that:
Pursuant to 59 O.S. 46.3 (1991), no person other than alicensed architect may engage in the planning, design, andpreparation of drawings and specifications for the construction,remodeling, or repair of any nursing home that satisfies thedefinition of the term "hospital" set forth in 63 O.S. 1-701,if the total cost of construction, remodeling or repair of thenursing home exceeds $40,000. To the extent that it isinconsistent with this opinion, Attorney General Opinion No.64-108 is hereby modified.
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUDOR ASSISTANT ATTORNEY GENERAL
[1] The Nursing Home Care Act makes a distinction between a nursing facility and a residential care home which is defined in pertinent part as follows:
 Residential care home' means any home, establishment, or institution licensed pursuant to the provisions of the Residential Care Act other than a hotel, motel, fraternity or sorority house, or college or university dormitory which offers or provides residential accommodations, food service, and supportive assistance to any of its residents or houses any resident requiring supportive assistance. Said residents shall be ambulatory and essentially capable of managing their own affairs, but do not routinely require nursing care[.]
63 O.S. 1-1902(11) (1991) (emphasis added).
[2] Of course, if a particular nursing home facility fits within the definition of one of the other specifically listed types of buildings set forth in 59 O.S. 1991, 46.3(C), then that particular nursing home facility would also require a licensed architect for its design, remodeling, and repair (assuming that the total cost of its construction, remodeling and repair was over $40,000). Certain nursing home facilities might be considered to be dormitories or even municipal buildings, county buildings, state buildings, or federal buildings.